IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-HC-2064-D

WILLIAM ROBERT GRAY, JR., )
)
          Petitioner, )
)
v. ) **ORDER**
)
ERIK A. HOOKS, )
)
          Respondent. )

On January 28, 2019, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 68] and recommended that the court grant respondent's motion for summary judgment [D.E. 36], deny William Robert Gray, Jr.'s ("Gray" or "petitioner") motion for summary judgment [D.E. 53], and dismiss Gray's petition for a writ of habeas corpus [D.E. 1]. Gray objected to the M&R [D.E. 69]. As explained below, the court overrules the objections, adopts the conclusions in the M&R, and declines to disturb Gray's 1993 conviction in North Carolina state court for murdering his wife, Roslyn Gray, on November 24, 1992.[1]

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely

---

[1] For a description of the details of Gray's conduct, see State v. Gray, 347 N.C. 143, 161–62, 166–71, 176–77, 347 S.E.2d 538, 543–44, 546–49, 552–53 (1997), abrogated by State v. Long, 354 N.C. 534, 557 S.E.2d 89 (2001). For a description of the lengthy procedural history of this case, see M&R at 1–7; see also [D.E. 29] 2–10. Gray initially was sentenced to death. See [D.E. 29] 3. During habeas proceedings, this court vacated Gray's death sentence. See id. at 3–4. On June 11, 2015, the Lenoir County Superior Court resentenced Gray to life imprisonment. Id. at 4.

objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Section 636(b)(1) does not permit a generalized objection concerning "all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (quotation and emphasis omitted).

Gray seeks relief under 28 U.S.C. § 2254 and alleges that new forensic evidence in the Jason Report supports his actual innocence and that state prosecutors violated Batson v. Kentucky, 476 U.S. 79 (1986), during jury selection. See M&R at 7–8. Under the doctrine of procedural default, a federal court generally is precluded from reviewing the merits of any claim that the state court found to be procedurally barred based on independent and adequate state grounds. See, e.g., Dretke v. Haley, 541 U.S. 386, 392 (2004); Daniels v. Lee, 316 F.3d 477, 487 (4th Cir. 2003). The doctrine also applies "when a state court also discusses the claim on its merits, e.g., in conducting a plain error review having found a procedural default." Daniels, 316 F.3d at 487. A state rule is "adequate" if it is firmly established and regularly followed in the state court. See Johnson v. Lee, 136 S. Ct. 1802, 1805 (2016) (per curiam); Johnson v. Mississippi, 486 U.S. 578, 587 (1988); Woodfolk v. Maynard, 857 F.3d 531, 543–44 (4th Cir. 2017); Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000). "The relevant inquiry is

2

whether the particular procedural bar is applied consistently to cases that are procedurally analogous." Woodfolk, 857 F.3d at 544 (quotations and emphasis omitted). A state rule is "independent" if it does not depend upon a federal constitutional ruling. See Ake v. Oklahoma, 470 U.S. 68, 75 (1985); McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998).

A federal habeas court may review a procedurally defaulted claim if the petitioner demonstrates cause and prejudice as a result of the alleged violation of federal law, or that the failure to consider the federal claim will result in a fundamental miscarriage of justice. See, e.g., Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must show that something external to him prevented him from complying with the state procedural rule. See id. at 753. To show prejudice, a petitioner must show he was actually prejudiced as a result of the alleged violation of federal law. See, e.g., United States v. Frady, 456 U.S. 152, 167–68 (1982).

Gray did not cite the Jason Report or challenge the jury selection under Batson on direct appeal or in his MAR. After Gray's 2015 resentencing, Gray did not seek any state post-conviction relief. Gray could have raised these claims in the state court, but did not do so. Thus, the claims are procedurally barred. See N.C. Gen. Stat. § 15A–1419(a)(3) (stating that a habeas claim should be denied, absent cause and prejudice, when defendant was in an adequate position to have raised it on direct appeal, but did not do so); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (holding that N.C. Gen. Stat. § 15A–1419 is mandatory); Williams, 146 F.3d at 208–09 (holding that N.C. Gen. Stat. § 15A–1419(a)(3) is an independent and adequate state procedural bar that precludes federal habeas review); McCarver, 221 F.3d at 588–89 (same). As a result, this court may not review the merits of Gray's claims unless he can overcome his default.

To overcome his default, Gray argues the Jason Report establishes his innocence. "[A]ctual

3

innocence, if proved, serves as a gateway through which a petitioner may pass whe[n] the impediment is a procedural bar" McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting and citing Schlup v. Delo, 513 U.S. 298, 329 (1995)) (alteration in original). Gray must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. The court must evaluate the credibility of the new evidence in light of the entire record. See O'Dell v. Netherland, 95 F.3d 1214, 1250 (4th Cir. 1996) (en banc), aff'd, 521 U.S. 151 (1997).

The court has reviewed the credibility of the Jason Report in light of the entire record. The Jason Report does not meet the exacting standard for the actual innocence gateway. See M&R at 13–15. On its face, the Jason Report states that Roslyn Gray's injuries were consistent with a pistol-whipping. See id. Thus, in light of the entire record, the Jason Report does not refute that Roslyn Gray suffered injuries that Gray inflicted during a fight that he started before shooting her and does not provide access to the actual innocence gateway. Cf. Finch v. McCoy, 914 F.3d 292, 294, 297–302 (4th Cir. 2019) (explaining how a petitioner met the "exacting standard" for the actual innocence gateway).

Alternatively, even if Gray did not procedurally default his claims, the claims fail on the merits. As for the sufficiency of the evidence, the Jason Report does not call into question the sufficiency of the evidence against Gray or establish his innocence. See M&R at 13–15. The evidence at trial overwhelmingly supported Gray's conviction, and the Jason Report does not alter

4

this conclusion. See Gray, 347 N.C. at 161–62, 166–71, 176–77, 347 S.E.2d at 543–44, 546–49, 552–53.

To the extent Gray asserts a Batson claim, his allegations are speculative and do not establish a prima facie case of race discrimination. See M&R at 16–19; Batson, 476 U.S. at 96–97; cf. Golphin v. Branker, 519 F.3d 168, 187 (4th Cir. 2008); Coulter v. McCann, 484 F.3d 459, 468 (7th Cir. 2007); Williams v. Branker, No. 5:99-HC-123-F, 2013 WL 5442213, at *32 (E.D.N.C. Sept. 27, 2013) (unpublished), aff'd sub nom. Williams v. Stanley, 581 F. App'x 295 (4th Cir. 2014) (per curiam) (unpublished); Wiggins v. Jackson, No. 3:05cv346-1-MU, 2009 WL 484668, at *6–12 (W.D.N.C. Feb. 25, 2009) (unpublished). Similarly, any argument that Gray's jury pool did not reflect a fair cross-section of the community fails. See M&R at 19–20; Lockhart v. McCree, 476 U.S. 162, 174 (1986); Duren v. Missouri, 439 U.S. 357, 364 (1979); Truesdale v. Moore, 142 F.3d 749, 755 (4th Cir. 1998).

Gray's original and amended petitions do not explicitly allege ineffective assistance of trial counsel, but his later filings arguably couch his arguments in those terms. The M&R analyzed and properly rejected any ineffective assistance of trial counsel claims. See M&R at 14–16; see also Burt v. Titlow, 571 U.S. 12, 22 (2013) ("Although a defendant's proclamation of innocence does not relieve counsel of his normal responsibilities under Strickland, it may affect the advice counsel gives.") Strickland v. Washington, 466 U.S. 668, 687–96 (1984); Jones v. Murray, 947 F.2d 1106, 1111, 1113–14 (4th Cir. 1991).

Gray also argues he is entitled to summary judgment because respondent did not specifically respond to his motion and exhibits. See Objs. [D.E. 69] 2. Respondent, however, properly relied on his cross-motion for summary judgment rather than specifically responding to Gray's motion.

5

See Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011); Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993). Thus, Gray's argument fails.

Gray also challenges the dismissal of his parole and custody classification claims. See Objs. [D.E. 69] 1. As this court explained in its order of March 21, 2018, Gray must file these claims in a separate section 1983 action. See [D.E. 29] 10–11; see, e.g., Wilkinson v. Dotson, 544 U.S. 74, 82 (2005); Nelson v. Campbell, 541 U.S. 637, 643 (2004); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Preiser v. Rodriguez, 411 U.S. 475, 494, 498–99 (1973).

Finally, Gray alleges ineffectiveness of his post-conviction counsel. See, e.g., Obj. [D.E. 69] 22. Gray, however, cannot rely on the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings" as an independent ground for relief. 28 U.S.C. § 2254(i); see M&R at 12–13; Martinez v. Ryan, 566 U.S. 1, 17 (2012); Mackall v. Angelone, 131 F.3d 442, 448–49 (4th Cir. 1997) (en banc).

In sum, the court ADOPTS the conclusions in the M&R [D.E. 68], OVERRULES Gray's objections [D.E. 69], GRANTS respondent's motion for summary judgment [D.E. 36], DENIES Gray's motion for summary judgment [D.E. 53] and DISMISSES Gray's petition [D.E. 1]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The clerk shall close the case.

SO ORDERED. This 18 day of March 2019.

JAMES C. DEVER III
United States District Judge

6